UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil No. 3:22-cv-00171

| | |
|---|---|
| MEGAN LINTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| BLUE FLOWERS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, Megan Lintz ("Lintz" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Blue Flowers, LLC. ("Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) and seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay Plaintiff an overtime premium rate of pay for all hours worked over forty in a workweek.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Charlotte, North Carolina.

4. Defendant is a limited liability company formed under the laws of North Carolina and its principal place of business located at 4717 Sharon Road, Unit 2B, Charlotte, North Carolina 28216.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the

claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

6. This Court has personal jurisdiction because Defendant conducts business in Charlotte, North Carolina, which is located in Mecklenburg County, which is within this judicial district.

7. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts or omissions alleged occurred in Charlotte, North Carolina.

## COVERAGE ALLEGATIONS

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

11. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. Defendant is Charlotte's First Pharmacist-owned cannabis boutique and sells high quality vape, flower, oil, tincture, edibles, creams, beauty and pet products.

13. Lintz began her employment with Defendant on or about September 27, 2020 and held the role of Regional Operations Manager. Lintz voluntarily resigned on February 13, 2022.

14. At all relevant times, Defendant classified Lintz as a nonexempt employee within the meaning of the FLSA and eligible for overtime compensation for all work performed over 40 hours in a workweek.

15. Defendant employed Lintz during the FLSA's statutory period preceding the filing of this Complaint.

16. At all relevant times, Defendant paid Lintz an hourly rate.

17. Defendant failed to pay Lintz the overtime premium rate for all hours worked in excess of forty (40) hours in a workweek.

18. By way of example, Lintz worked 90.88 hours during the pay period of March 28, 2021 through April 10, 2021; 96.65 hours during the pay period of April 25, 2021 through May 8, 2021; and 87.17 hours during the pay period of May 9, 2021 through May 22, 2021.

19. Defendant paid Lintz her regular hourly rate for all hours worked. However, Defendant failed to pay Lintz the overtime premium required by the FLSA for all hours worked in excess of forty in each workweek.

20. Defendant's failure to pay Lintz the overtime premium required by the FLSA was willful.

### Plaintiff's First Cause of Action
### (Violation of FLSA—Overtime)

21. Plaintiff incorporates by reference paragraph 1-20 of her Complaint.

22. Defendant's violation of the FLSA arises from its failure to pay all overtime wages earned by Plaintiff.

23. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of

pay for all hours worked over forty in a workweek.

24. Defendant's violation of the FLSA was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary andappropriate.

Respectfully submitted this 19th day of April 2022.

/s/ Corey M. Stanton
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Suite 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
Email: phil@gibbonslg.com
corey@gibbonslg.com

*Attorneys for Plaintiff*